UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CARISA B. JOHNSON

VERSUS

JOHN LITTLE

CIVIL ACTION

NO. 3:08-CV-191--JJB-SCR

## RULING ON MOTION TO DISMISS

This matter is before the court on the Defendant John Little's Motion to Dismiss (doc 4). The Plaintiff has filed an opposition memorandum (doc. 7); the Defendant has filed a reply brief (doc. 9). There is no need for oral argument. This court has subject matter jurisdiction through 28 U.S.C. § 1343 and § 1367.

The Defendant argues that the Plaintiff's request for service was not timely because the Plaintiff was granted *in pauperis* status more than ninety (90) days after the filing of the complaint, and because Plaintiff did not pay any court fees prior to receiving *in pauperis* status. The Plaintiff argues that the request for service was timely made in the original complaint and thus argues Plaintiff was not the cause of the approximately sixteen month delay between filing and service. Alternatively, the Plaintiff argues that the complaint is not considered filed until *in pauperis* status is granted and thus the request included in the original complaint was timely.

### SUMMARY OF ARGUMENTS

Defendant's Arguments in Support of Motion to Dismiss

Defendant Officer John Little argues the Plaintiff failed to validly request service of process within the ninety (90) day period required by La. R.S. § 13:5107(D) and as such

1

the claim should be dismissed under Fed. Rule Civ. P. 12(b)(5) for insufficiency of process. Defendant argues Plaintiff's requested service in the initial complaint is invalid because: (1) Plaintiff did not advance any funds towards effecting service and (2) the court granted the Plaintiff pauper status on February 26, 2007, after the ninety (90) day period permitted by La. Rev. Stat. § 13:5107(D) expired.

Defendant argues the facts are analogous to *Ayers v. Goodwill Industries*, 870 So.2d 348 (La. App. 4 Cir. 2004), where the court found the plaintiff failed to validly serve where the plaintiff's sole reason for failing to serve was unawareness that their *in forma pauperis* request had been denied. In *Ayers,* three years and four months passed between the plaintiff's filing and service being effected. The record does not show the *Ayers* plaintiff took any action during this time period.

Defendant further analogizes the facts at bar to *Jenkins v. Larpenter*, 906 So.2d 656 (La. App. 1 Cir. 2005), *writ denied*, 904 So.2d 711 (La. 2005). In *Jenkins*, the court affirmed the trial court's dismissal for lack of timely service where plaintiff's motion to proceed *in pauperis* was denied. In *Jenkins*, the plaintiff failed to pay the required fee for well over ten months after being notified of the denial, and no good cause was shown for such a failure.

<u>Plaintiff's Arguments Against Motion to Dismiss</u>

Plaintiff argues La. Rev. Stat. § 13:5107(D) "unambiguously states that service must be requested" within ninety (90) days of filing. Plaintiff contends such a requirement was met upon filing the petition on November 21, 2006 with a request for service. Plaintiff thus argues lack of a valid request was not the cause of the approximately sixteen-month delay between filing of the complaint and service on the Defendant.

2

Plaintiff cites *Thomas v. Louisiana Dep't of Pub. Safety and Corrections and Dixon Corr. Inst.,* 848 So.2d 635 (La. App. 1 Cir. 2003), *writ denied*, 860 So.2d 552 (La. 2003). *Thomas* states "service... should reasonably be read to require: (1) an accurate request of service (2) upon the proper agent for defendant."[1]

Plaintiff argues, despite the initial denial of *in pauperis* status, the Plaintiff felt it necessary to file a Motion to Reconsider based on Plaintiff's financial situation. The Motion to Reconsider was granted, and subsequently service was perfected. Plaintiff notes Defendant did not request service be re-issued, and Plaintiff argues re-issuance was not necessary because request for service was included in the original petition.

Plaintiff argues *Ayers* is distinguishable because the *Ayers* plaintiff permitted more than three years to pass between filing of petition and service of the petition. Plaintiff notes no activity appeared on the record during these three years, and pauper status was never granted to the *Ayers* plaintiff. Plaintiff contends this case differs because Plaintiff actively attempted to receive pauper status beginning with a proposal in the original petition. Further, Plaintiff notes pauper status was granted in the case at bar.

Plaintiff contends that *Jenkins* is dissimilar because in *Jenkins* pauper status was never granted and appropriate fees were never paid. Plaintiff concedes it would be reasonable under such circumstances to find that service was never perfected, but distinguishes the case at bar. Plaintiff argues they acquired pauper status and therefore are not required to pre-pay costs.[2]

---

[1] *Thomas* at 639.

[2] "When an order of court permits a party to litigate in pauper status, he is entitled to all the services required by law of a sheriff, clerk of court, and other public officers in

Alternatively, the Plaintiff argues that the complaint is not considered filed until *in pauperis* status is granted and thus the request included in the complaint was timely.

Defendant's Reply in Support of Motion to Dismiss

Defendant argues *Thomas* is inapplicable because *Thomas* involved an incorrect agent receiving service. The Defendant again argues *Ayers* is relevant because lack of knowledge that a pauper application has been denied is not 'good cause' for not making the request for service within the required time period. The Defendant again argues *Jenkins* is relevant because the *Jenkins* plaintiff advanced no funds towards service and the court did not grant pauper status. Defendant describes the differences between the facts at bar and *Ayers* and *Jenkins* as "subtle factual differences" such that a similar outcome in this case is appropriate.

The Defendant further quotes *Tenney v. Burlington Northern & Santa Fe Railway*, 863 So.2d 526, 528, noting a "proper application to proceed *in forma pauperis* satisfies La. Rev. Stat. § 13:850(B)'s requirement of payment of filing fees within five days for a facsimile filing."[3] Defendant notes *Tenney* also states "it is not until there is an order of the court establishing pauper status that the party is entitled to all services."[4] Defendant further quotes *Tenney*, noting "a request for service without payment of required fees, or without leave of court excusing such payment because of pauper status, simply is no proper

---

the proceeding, including 'issuance and service' of process, without advance payment of costs." *Jenkins*, 906 So.2d 656 at 658 (quoting La. Code Civ. Proc. art. 5185(A) (2008)).

[3] *Jenkins v. Larpenter*, 906 So.2d 656, 685 (La. App. 1 Cir. 2005), *writ denied*, 904 So.2d 711 (La. 2005) (quoting *Tenney v. Burlington Northern & Santa Fe Railway*, 863 So.2d 526, 528 (La. 2004)).

[4] *Id.*

4

request at all."[5]

## STANDARDS OF LAW

Dismissal

Federal Rule of Civil Procedure 12(b)(5) permits parties to file a Motion to Dismiss for insufficiency of service of process in order to "challeng[e] the mode of delivery or the lack of delivery of the summons and complaint."[6]

Removal

Plaintiff alleges she is entitled to recover damages as a result of injuries sustained during an alleged unlawful arrest on March 25, 2006. Defendant filed timely Notice of Removal under the provisions of 28 U.S.C. § 1443 and U.S.C. § 1446(b).

Service of Process

Typically Fed. Rule Civ. P. Rule 4(m) governs time limit for service, stating "[i]f a defendant is not served within 120 days after the complaint is filed, the court- on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

However, in removed cases "the district court must look to state law to ascertain whether service was properly made prior to removal." *Freight Terminals, Inc. v. Ryder System, Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972).

---

[5]*Jenkins*, 906 So.2d at 685.

[6]Charles Wright & Arthur Miller, Federal Practice and Procedure: Civil 3d § 1353 (2008).

Applicable State Law

Louisiana Revised Statute § 13:5107(D)(1) states "[i]n all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action."[7] This statute "does not require that service be actually made within 90 days, only that it be requested."[8]

Louisiana Code of Civil Procedure article 5185(A) states "[w]hen an order of court permits a party to litigate without the payment of costs until this order is rescinded, he is entitled to: (1) [a]ll services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to ... the issuance and service of subpoenas and process."[9]

## ANALYSIS

Defendant's Motion to Dismiss centers on the Plaintiff's failure to either pay required service fees or receive pauper status within the ninety (90) day period stipulated by La. Rev. Stat. § 13:5107(D)(1) . Defendant's reply brief states the February 26, 2007 court order allowing Plaintiff to proceed *in forma pauperis* was "outside of the statutorily mandated ninety (90) day time period."

A look at a time line more closely reveals the order and proximity of events.

---

[7] La. Rev. Stat. § 13:5107(D)(1) (West 2008).

[8] Lockett v. Reese, 874 So. 2d 913, 917 (La. Ct. App. 2004).

[9] La. Code Civ. Proc. art. 5185(A) (2008).

## **TIME LINE OF EVENTS**[10]

| | |
|---|---|
| November 21, 2006- | Plaintiff files in 18th Judicial District Court Iberville Parish a petition for damages, including a request for service and proposal to proceed *in forma pauperis.* |
| December 1, 2006- | Order whereby Motion to proceed *in forma pauperis* is set for hearing January 24, 2007. |
| December 7, 2006- | Notice issued by clerk of court advising of January 24, 2007 hearing on Motion to proceed *in forma pauperis.* |
| *[January 24, 2007]-* | *[presumably hearing on in pauperis Motion occurred, but no supporting documents in record.]* |
| February 16, 2007- | Plaintiff files Motion to Reconsider pauper status. |
| February 20, 2007- | 90 days from November 21, 2006, statutory deadline under La. Rev. Stat. Ann. § 13:5107(D) by which request for service must be made. |
| February 26, 2007- | 18th Judicial District Court, Parish of Iberville enters Order allowing Plaintiff to proceed *in forma pauperis.* |
| March 27, 2007- | 18th Judicial District Court, Parish of Iberville again enters Order allowing Plaintiff to proceed *in forma pauperis.* |
| March 5, 2008- | Defendant served with citation and complaint. |
| April 4, 2008- | Defendant files Notice of Removal in United States District Court, Middle District of Louisiana. |
| April 16, 2008- | Defendant files Motion to Dismiss for Insufficiency of Process. |

This court agrees with Plaintiff that the facts of this case are distinct from *Ayers*. In *Ayers*, the plaintiff's sole explanation for failure to serve was that she was unaware the *in forma pauperis* application had been denied. The *Ayers* plaintiff took no action during the

---

[10]Based on documents filed in state court proceedings and attached to Defendant's Notice of Removal as 'Exhibit A.'

three years and four months between filing and service.

Here, the Plaintiff diligently pursued pauper status. The Plaintiff proposed pauper status in the initial complaint filed on November 21, 2006. The Plaintiff filed a Motion to Reconsider pauper status on February 16, 2007. Both the initial proposal and Motion to Reconsider were filed during the ninety (90) day period prescribed by La. Rev. Stat. § 13:5107(D).

This court also agrees with Plaintiff that these facts are distinct from *Jenkins*. In *Jenkins*, the plaintiff's pauper application was denied. Here, Plaintiff received pauper status in the February 26, 2007 Order issued by the 18th Judicial Court. *Jenkins* states that "it is not until there is an order of the court establishing pauper status that the party is entitled to all 'services' as noted in La. C.C.P. art 5185."[11] Here we have both a pauper request and a court order granting that request.

Defendant does not contest that Plaintiff included a request for service of process in the initial complaint filed on November 21, 2006. Defendant claims the request is not valid because the Plaintiff did not pay required fees or have pauper status.

However, the Plaintiff actively sought and received pauper status. Through no fault of the Plaintiff, pauper status was granted a few days after the ninety (90) day window permitted by La. Rev. Stat. § 13:5107(D). The Defendant was served with process on March 5, 2008, and Defendant does not claim any specific prejudice.

---

[11] *Jenkins*, 906 So.2d at 658-9.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (doc. 4) for insufficiency of service of process is **DENIED** because Plaintiff's petition included a request for service. Payment of fees is not required because Plaintiff actively pursued and was ultimately granted pauper status permitting Plaintiff to litigate without payment of costs.

Baton Rouge, Louisiana, June 16th, 2008.

_____
JAMES J. BRADY, JUDGE
U.S. DISTRICT COURT